I respectfully dissent from the majority opinion in this matter and concur in the findings of fact and conclusions of law in the Opinion and Award of Deputy Commissioner Phillip A. Holmes. I do not believe that the evidentiary record establishes that plaintiff's current disability is related to the injury by accident of July 22, 1994.
Following the admittedly compensable injury of July 22, 1994, plaintiff underwent treatment for her right knee, including surgery, for her ongoing knee problems. Plaintiff remained active until she was injured on January 31, 2000, while working for Richmond Community College, when she injured her left knee. The left knee injury resulted in total disability, and plaintiff was unable to return to work thereafter. Plaintiff's right knee injury was a preexisting condition which was aggravated by the January 31, 2000 injury, and which would be compensable as a part of that injury. Before January 31, 2000, plaintiff was able to work.
Richmond Community College would be responsible for continuing temporary total disability benefits, but plaintiff has relinquished all claims against them pursuant to a compromise settlement agreement which has already been approved by the Industrial Commission. Plaintiff should not be permitted to settle with Richmond Community College, then recover from defendants in this case that which would be paid by Richmond Community College but for the settlement agreement. Therefore, plaintiff's recovery should be limited to benefits for her permanent partial disability in the amount of $95.00 per week for 100 weeks for 50% impairment to the right leg.
This the ___ day of March, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN